# EXHIBIT A

IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

| | |
|---|---|
| JENNIFER NICHOLE JOHNSON, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIMENSION SERVICE CORPORATION,<br><br>Serve registered agent at:<br>c/o Haytham Elzayn,<br>5500 Frantz Road, Suite 100 or Suite 120<br>Dublin, Ohio 43017<br><br>Defendant. | Case No.: _____<br><br>**Class-Action Complaint**<br>**For Money Damages and**<br>**Other Relief**<br><br><br>**Jury Trial Demanded** |

**Class-Action Complaint**

COMES NOW Plaintiff Jennifer Nichole Johnson ("Johnson" or "Plaintiff"), individually and on behalf of others similarly situated, and for her Complaint against Defendant Dimension Service Corporation ("DSC" or "Defendant"), states as follows:

**Background and Parties**

1. Plaintiff Jennifer Nichole Johnson brings this case to protect the privacy rights of herself and a class of similarly situated people who were improperly called on their cell phones by Defendant Dimension Service Corporation despite registering their numbers on the National Do Not Call Registry.

2. In the early 1990s, Congress enacted the Telephone Consumer Protection Act ("TCPA") to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing phone calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

3. The TCPA affords special protections for people who registered their cell phone numbers on the National Do Not Call Registry. Specifically, the TCPA provides that each person who receives more than one call on their cell phone after being registered on the National Do Not Call Registry is entitled to recover a penalty of $500 per call.

4. In March 2021 alone, approximately 4.9 billion robocalls were placed in the United States. RobocallIndex.com, YouMail Robocall Index, https://robocallindex.com (last visited Apr. 2, 2021). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls. For example, while the Federal Communications Commission levied over $200 million in penalties against telemarketers between 2015 and 2018, it collected less than $7,000 of that amount. *See* Sarah Krouse, *The FCC Has Fined Robocallers $208 Million. It's Collected $6,790*, THE WALL STREET JOURNAL, March 28, 2019, https://www.wsj.com/articles/the-fcc-has-fined-robocallers-208-million-its-collected-6-790-11553770803.

5. Johnson sought to protect her right to be left alone from telemarketing calls by registering her cell phone number, 208-XXX-2939, on the National Do Not Call Registry.

6. Johnson registered her cell phone number on the National Do Not Call Registry in October 2007.

7. Johnson is an individual who resides in the State of Idaho.

8. Defendant Dimension Service Corporation is an Ohio for-profit-corporation who at all times material to this petition has been in good standing and authorized to transact business in the State of Ohio at all times relevant to this Complaint.

9. DSC transacts business in Ohio and throughout the United States.

10. DSC's headquarters is in Franklin County, Ohio.

2

11. DSC sells a variety of automobile warranty products.

12. In March 2021, Johnson received multiple calls on her cell phone, phone number 208-XXX-2939, from DSC or someone acting on its behalf.

13. In one call the representative told Johnson he was with DSC and was interested in selling her an automobile warranty. The representative then proceeded to tell Johnson about the various warranty options.

14. On information and belief, DSC called Johnson's cell phone more than 50 times in a one year period.

15. Johnson did not consent to DSC to contact her on her cell phone.

16. The putative class members for this class action are from around the United States, including the State of Ohio, and are spread throughout the United States and all of the counties of the State of Ohio.

**Class-Action Allegations**

17. Pursuant to Ohio Rules of Civil Procedure Rule 23(a), 23(b)(2) and 23(b)(3), Plaintiff brings this lawsuit as a class action on behalf of herself and on behalf of others similarly situated. This action satisfies the requirements of numerosity, commonality, adequacy of representation and predominance. Only to the extent it is a requirement under applicable law, the proposed class satisfies the elements of ascertainability and typicality.

18. The proposed class that Plaintiff seeks to represent is tentatively defined as follows:

> For four years prior to the filing of this suit until the date a class is certified, all persons in the United States who: (1) received more than one telephone call from DSC (or someone acting on its behalf) during a 12 month period relating to the purchase of a warranty; and, (2) were registered on the Do Not Call Registry for more than 30 days at the time the calls were received.

19. Plaintiff reserves the right to add administrative subclasses, or to amend the definition of the proposed class, during the lawsuit proceedings.

20. The members of the proposed class are so numerous that joinder of all members is impracticable. Plaintiff reasonably believes that hundreds or thousands of people have been harmed by DSC's actions. The names and phone numbers of the members of the proposed class are readily identifiable through records available to DSC.

21. Most members of the proposed class have suffered damages in an amount such that it would make filing separate lawsuits by individual members economically infeasible.

22. On information and belief, DSC has called and continues to call people who are registered on the National Do Not Call Registry. It is reasonable to expect that DSC will continue to make such calls absent this lawsuit.

23. Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual members. The questions of law and fact common to the proposed class include, but are not limited to, whether DSC called cell phone numbers that were registered on the National Do Not Call Registry and whether such calls violate the TCPA.

24. Only to the extent required by law, Plaintiff's claim is typical of the claims of the proposed class members because Plaintiff's claim arose from the same practice that give rise to the claims of the members of the proposed class and is based on the same legal theories. Plaintiff is not different in any relevant matter from members of the proposed class.

25. Plaintiff and his counsel will fairly and adequately protect the interests of the members of the proposed class. Plaintiff's interests do not conflict with the interests of the proposed class he seeks to represent. Plaintiff has retained lawyers who are competent and

Case: 2:24-cv-01421-ECD Doc #: 1-1 Filed: 04/12/24 Page: 16 of 21 PAGEID #: 310
Franklin County Ohio Clerk of Courts of the Common Pleas- 2024 Mar 18 5:04 PM-24CV002253
0F466 - L49

experienced in class action and TCPA litigation. Plaintiff and Plaintiff's counsel have the resources to litigate this class action, and Plaintiff and counsel are aware of their responsibilities to the putative members of the class and will discharge those duties. Plaintiff reserves the right to join other unnamed class members into this lawsuit.

26. A class action is superior to all individual lawsuits for this controversy. Joinder of all proposed members of the proposed class in one action is impracticable if not impossible and prosecuting hundreds or thousands of individual actions is not feasible. The size of the individual claims is likely not large enough to justify filing a separate action for each claim. For many, if not most, members of the proposed class, a class action is the only procedural mechanism that will allow recovery. Even if members of the proposed class had the resources to pursue individual litigation, that method would be unduly burdensome to the courts. Individual litigation could also result in inconsistent adjudications.

27. In contrast, a class action is superior in that it will benefit the court and litigating parties through efficiency, economy of scale and unitary adjudication resulting from supervision of the litigation by a single court.

28. Questions of law and fact, particularly the propriety of calling cell phone numbers registered on the National Do Not Call Registry, predominate over questions affecting only individual members.

29. DSC has acted or refused to act on grounds that apply generally to the class, so final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole.

Case: 2:22-cv-02144-ALM-EPD Doc #: 1-1 Filed: 05/18/22 Page: 7 of 10 PAGEID #: 11
Franklin County Ohio Clerk of Courts of the Common Pleas- 2022 Apr 12 5:04 PM-21CV002253
0F466 - L50

## Count I - Violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

30. Johnson incorporates by reference the allegations of the previous paragraphs as if fully stated in this count.

31. The TCPA provides that is a violation of the law for a person whose phone number is registered on the National Do Not Call Registry to receives more than one call on their cell phone "within any 12-month period by or on behalf of the same entity." *See* 47 U.S.C. §§ 227(c)(1), (c)(5); 47 C.F.R. § 64.1200(c)(ii).

32. The penalty for each call placed in violation of the TCPA's restrictions on calling cell phone numbers registered on the National Do Not Call Registry is $500 per call and up to $1,500 per call if the violation is determined to be willful. *See* 47 U.S.C. §§ 227(c)(5).

33. In addition, the TCPA allows the Court to enjoin DSC's violations of the TCPA's regulations prohibiting calls to cell phone numbers registered on the National Do Not Call Registry. *See* 47 U.S.C. §§ 227(c)(5)(A).

34. By making calls to the cell phones of Johnson and the putative class members after the numbers were registered on the National Do Not Call Registry, DSC violated the TCPA, including, but not limited to, 47 U.S.C. §§ 227(c)(1) and the TCPA's corresponding regulations.

35. DSC knew or should have known that the putative class members had their numbers registered on the National Do Not Call Registry.

36. Johnson and the putative class members are entitled to damages of $500.00 per call made by or on behalf of DSC and up to $1,500.00 per call if the Court finds that DSC willfully violated the TCPA.

6

Case: 2:24-cv-02144-ALM-EPD Doc #: 1-1 Filed: 05/13/24 Page: 8 of 10 PAGEID #: 12
Franklin County Ohio Clerk of Courts of the Common Pleas- 2024 Apr 12 5:04 PM-24CV002531
0F466 - L51

37. Johnson and the putative class members are entitled to an order from the Court enjoining DSC from violating the TCPA's regulations that prohibit calls to cell phone numbers registered on the National Do Not Call Registry.

**Demand for Judgment**

WHEREFORE Plaintiff Jennifer Nichole Johnson, individually, and on behalf of all others similarly situated, requests the Court grant the following relief:

a. Enter an order against Defendant Dimension Service Corporation, pursuant to Ohio Rule of Civil Procedure Rule 23, certifying this action as a class action and appointing Plaintiff Johnson as representative of the class;

b. Enter an order appointing Karon LLC and Butsch Roberts & Associates LLC and as counsel for the class;

c. Enter judgment in favor of Johnson and the putative class members for all damages available under the TCPA, including statutory damages of $500 per violation, or up to $1,500 per violation if DSC willfully violated the TCPA;

d. Enter judgment in favor of Johnson and the putative class members that enjoins DSC from violating the TCPA's regulations by calling cell phone numbers registered on the National Do Not Call Registry;

e. Award Johnson and the class all expenses of this action, and requiring defendant to pay the costs and expenses of class notice and claims administration; and,

f. Award Johnson and the class such further and other relief the Court deems just and appropriate.

7

Case: 2:24-cv-02144-ALM-EPD Doc #: 1-1 Filed: 04/18/24 Page: 9 of 13 PAGEID #: 53
Franklin County Ohio Clerk of Courts of the Common Pleas- 2021 Apr 12 5:04 PM-21CV002253
0F466 - L52

Dated: April 12, 2021

JENNIFER NICHOLE JOHNSON, individually and on behalf of all others similarly situated,

*/s/ Beau D. Hollowell*
Daniel R. Karon (0069304)
Beau D. Hollowell (0080704)
KARON LLC
700 West St. Clair Avenue, Suite 200
Cleveland, Ohio 44113
(216) 622-1851 (telephone)
dkaron@karonllc.com
bhollowell@karonllc.com

David T. Butsch (to be admitted *pro hac*)
Christopher E. Roberts (to be admitted *pro hac*)
Butsch Roberts & Associates LLC
231 S. Bemiston Ave., Suite 260
Clayton, MO 63105
Tel: (314) 863-5700
Fax: (314) 863-5711
butsch@butschroberts.com
roberts@butschroberts.com

## JURY DEMAND

Plaintiffs hereby demand a trial by jury under Rule 38 of the Ohio Rules of Civil Procedure, on all issues so triable.

*/s/ Beau D. Hollowell*
Beau D. Hollowell

8

E3287 - E70

MARYELLEN O'SHAUGHNESSY
CLERK OF THE FRANKLIN COUNTY COMMON PLEAS COURT, COLUMBUS, OHIO 43215
CIVIL DIVISION

```
JENNIFER N. JOHNSON
700 WEST ST CLAIR STREET
SUITE 200
CLEVELAND, OH 44113,
                              21CV-04-2253
         PLAINTIFF,          CASE NUMBER
         VS.
DIMENSION SERVICE CORPORATION
C/O HAYTHAM ELZAYN
5500 FRANTZ ROAD
STE 100 OR STE 120
DUBLIN, OH 43017,
         DEFENDANT.
```

CLERK OF COURTS

2021 APR 14 PH 4:14

FILED
COMMON PLEAS COURT
FRANKLIN CO. OHIO

**** SUMMONS ****        04/12/21

TO THE FOLLOWING NAMED DEFENDANT:
    DIMENSION SERVICE CORPORATION
    C/O HAYTHAM ELZAYN
    5500 FRANTZ ROAD
    STE 100 OR STE 120
    DUBLIN, OH 43017

YOU HAVE BEEN NAMED DEFENDANT IN A COMPLAINT FILED IN FRANKLIN COUNTY
COURT OF COMMON PLEAS, FRANKLIN COUNTY HALL OF JUSTICE, COLUMBUS, OHIO,
BY:     JENNIFER N. JOHNSON
        700 WEST ST CLAIR STREET
        SUITE 200
        CLEVELAND, OH 44113,

                                                    PLAINTIFF(S).

A COPY OF THE COMPLAINT IS ATTACHED HERETO. THE NAME AND ADDRESS OF
THE PLAINTIFF'S ATTORNEY IS:
    BEAU D. HOLLOWELL
    KARON LLC
    SUITE 200
    700 W ST CLAIR AVE
    CLEVELAND, OH 44113

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON THE PLAINTIFF'S
ATTORNEY, OR UPON THE PLAINTIFF, IF HE HAS NO ATTORNEY OF RECORD, A COPY
OF AN ANSWER TO THE COMPLAINT WITHIN TWENTY-EIGHT DAYS AFTER THE SERVICE
OF THIS SUMMONS ON YOU, EXCLUSIVE OF THE DAY OF SERVICE. YOUR ANSWER
MUST BE FILED WITH THE COURT WITHIN THREE DAYS AFTER THE SERVICE OF A
COPY OF THE ANSWER ON THE PLAINTIFF'S ATTORNEY.

IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE RENDERED
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

MARYELLEN O'SHAUGHNESSY
CLERK OF THE COMMON PLEAS
FRANKLIN COUNTY, OHIO

BY:  BROOKE ELLIOTT, DEPUTY CLERK

                                                   (CIV370-S03)